UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

———

No. 1:26-cv-01325

———

**Cruz Amaro,**
*Petitioner,*

v.

**Vergara, et al.,**
*Respondents.*

———

#### ORDER

Gonzalo Cruz Amaro is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 28 U.S.C. § 1225(b)(2)(A). He filed a petition for a writ of habeas corpus demanding immediate release or an individualized bond hearing. Because his detention is lawful, the petition is denied.

#### BACKGROUND

Petitioner last entered the United States without inspection after 2006—when he voluntarily returned to Mexico—and some time later reentered the United States. Around 2018, he was detained and subsequently released on bond, and has resided here since. On May 11, 2026, he was taken into custody by federal agents.

Since May 11, 2026, Petitioner has been in U.S. Immigration and Customs Enforcement custody and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas. He is being detained pending his removal proceedings, and has neither requested nor received an individualized bond hearing or custody redetermination to contest his detention. Although Petitioner appears to have had a

1

hearing, no party has updated the Court that he has been ordered removed.

On May 18, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking either immediate release or an individualized bond hearing at which he could demonstrate that he is entitled to release during removal proceedings. This Court ordered Respondents to show cause why the writ should not be granted. Respondents answered and Petitioner shortly thereafter filed a reply.

### LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming § 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the

Court must "summarily determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### ANALYSIS

Petitioner asserts that his pre-removal detention without an individualized bond hearing is unlawful because it violates the Due Process Clause, the Administrative Procedure Act, and agency regulations. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 28 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 531. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth in Parts I–III and V of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.

\* \* \*

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on June 12, 2026.*

ANDREW DAVIS
United States District Judge

3